

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. G. Waters, Casualty Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-1864
Re: Lease agreement whereby lessor
agrees to assume all damages
in case of accident to automo-
bile in hands of lessee over
and above $50.00 does not con-
stitute insurance.

This will acknowledge receipt of your letter
of January 12, 1940, to which you attach two specimen
lease agreements. You seek our opinion as to whether or
not such agreements are such as to constitute the lessor
as being engaged in the insurance business. We deem it
essential to here quote the specimen lease agreements in
full in order that the basis for this opinion may be
fully understood. They are:

No. 1

"STATE OF TEXAS
COUNTY OF BLANK

"This contract and agreement entered into
this _____, 19__, by and between _____
Motor Company (hereafter known as the Company)
and John Doe, to wit:

"Whereas, in consideration of the sum of
$ _____ per month, the first payment being due
_____, 19__, and like amount due the _____
of each succeeding month until this contract
is terminated, the company does agree to deliver
to John Doe, (description of vehicle) for his
personal or professional use.

"Now, the company does hereby convey title
of the above car to John Doe, during the term

of this contract. It is herein agreed that
this contract may be terminated by thirty
days notice by either party, and it is under-
stood that upon termination of this contract,
title of the above car automatically reverts
back to _____ Motor Company without further
cost or damages on the part of either party,
except wherein the above car may have been
wrecked or damaged while in the possession
of John Doe, his heirs, or assigns. It is
also understood that the extent of damage or
collision liability on the part of John Doe
will be a maximum of $50.00.

"Whereas, the company is furnishing
this car to John Doe in consideration of the
above stipulated payments, it is understood
by both parties that this car is to be ser-
viced without cost to John Doe with the ex-
ception of the above set out $50.00 damage
liability, and his gasoline or fuel expense.

"It is herein agreed that John Doe will
furnish the company with knowledge or certi-
ficate to show that proper public liability and
property damage insurance is carried, and that
he is to protect the company from any damage
suit arising out of collision or collisions
wherein this car is concerned during the ter-
mination of this contract and while in possess-
ion of himself, his heirs, or assigns!

"This contract entered into this _____,
1940.

_____Motor Company            John Doe

_____            _____
Accepted                        Accepted"

No. 2

"STATE OF TEXAS
COUNTY OF BLANK

Hon. R. G. Waters, Casualty Commissioner, Page 3

"_____ a corporation of Blank, Blank County, Texas, lessor, and _____ of Blank, Blank County, Texas, lessee, agree to the following terms and conditions:

"1. _____, Lessee, agrees to pay to _____, Lessor, $____ on the ____ day of each month beginning on the ____ day of ____A.D. 1940, for which monthly payment said Lessor agrees and does hereby lease unto the said Lessee the following described motor vehicle, to wit:

"_____          Year model ____
"Motor No.____      Serial No. ____

to be used by said Lessee the same as though it were his own. It is agreed that the Lessor in no way reserves the control of the car other than herein specifically contracted and in no manner assumes any liability for the negligence of the Lessee or his agents.

"2. Said Lessee shall obtain, in a good and reputable insurance company, pay for, and keep in force a public liability insurance policy (minimum coverage $____ to $____) and property damage (minimum coverage $____) on said motor vehicle and said _____ shall be named as one of the co-insured.

"3. _____ reserves the right to change or substitute any car of like type for the one described herein, whenever it feels that it is to the best interest of either party.

"4. Lessee agrees to furnish, replace or repair all tires and tubes without regard to cost of damage to same, and will furnish license, wash, lubricate, repair and do all things necessary for the proper maintenance and repair of the above described car or its substitute, so long as this contract remains in force, subject to all other provisions of this contract.

"5. It is agreed that all repair work is to

be done by Lessor or someone of its own selection and that Lessee will pay for any damage done to said above described motor vehicle when such damage is caused by the application of some external force, excepting ordinary wear and tear. It is agreed however that no repair bill shall exceed $40.00 for any one accident and that said lessor will do said work at cost plus 10%.

"6. Said Lessee agrees to present the car at the service department of said Lessor at least once each month or each one thousand miles, whichever happens first.

"7. In case of engine or other trouble outside of Blank County said Lessee agrees to call Lessor at Lessor's expense and receive instructions as to what to do with said motor vehicle.

"8. This contract may be terminated by the lessee at the end of any thirty day period provided the car is returned to said Lessor at its place of business in Blank, Texas.

"Said Lessor may terminate the contract at any time by taking possession of the car at the end of any thirty day period or if terminated during a thirty day period then said Lessor shall remit to the Lessee the pro-rata one thirtieth of the current month's rate, if paid, or if said Lessee fails to make payment as provided, said Lessor may terminate this contract.

"9. Said Lessee hereby agrees that the agents of said Lessor may enter the Lessee's premises or such other place as such motor vehicle might be found and take possession of said motor vehicle, and Lessee specifically waives any claim for damages as a result of said lessor or its agents taking (with or without permission of said Lessee) the motor vehicle described above or its substituted motor vehicle, upon the failure of the lessee to make payment of any monthly

payment or to return the car to the lessor upon its request.

"10. This contract is subject to the following special conditions superseding any conditions herein stated to the contrary.

"Signed and executed this the ____ day of _____ A.D. 1940.

_____
Lessee

_____
Lessor    "

You desire to know if such contracts are in violation of that portion of House Bill No. 626, Section 1, Acts of 1939, of the 46th Legislature (Sec. 6b of Article 4859f), reading:

"It shall be the duty of the Commissioner to require any corporation, person, firm, association, local mutual aid association or any local association, company or organization, to have a certificate of authority before being authorized to carry on any insurance business in this State. If, in any event, any such company, person, firm, association, corporation, local aid association or local organization is writing any form of insurance whatsoever without a permit, or certificate of authority issued by the Department of Insurance of Texas, it shall be the duty of the Commissioner to make known said fact to the Attorney General of the State of Texas, who is hereby required to institute proceedings in the District Court of Travis County to restrain such corporation, person, firm, association, company, local aid association or organization from writing any insurance of any kind or character without a permit."

Insurance has been defined as "a contract by which one party undertakes to indemnify another against loss, damage, or liability arising from an unknown or

contingent event." Another more universally accepted definition is:

> "A contract of insurance is an agreement by which one party, for a consideration, promises to pay money or its equivalent or do some act of value to the assured upon the destruction or injury of something in which the other party has an interest."

Such definitions are cited in Volume 1, Cooleys' Briefs on Insurance, page 6.

We are familiar with the line of cases dealing with automobile clubs to which you make reference. Among these is the case of National Auto Service Corp. vs. State, 55 SW 2nd, 209, and the many cases therein cited.

In the case of National Auto Service Corporation, supra, (writ of error refused), the judgment of the trial court forfeiting the charter of the named company was upheld. The corporation was incorporated as an automobile club (without authority to write insurance) under sub-division 91 of Article 1302 of the Revised Civil Statutes. The corporation issued to its members a certificate which provided, among other things, for annual dues of $25.00 and provided that such company would cause to be repaired in its membership garages during the current year any damage to members' automobiles caused by accident of not less than $7.50 nor more than $250.00 damages. Such contract clearly created an obligation on the part of the automobile club within the purview of the accepted definitions of insurance and we do not question the correctness of the holding in this and similar cases.

We have carefully examined the instruments tendered. Referring to the first of said instruments, we note an attempt to transfer title from the so-called lessor to the lessee. Construing the whole of the contract, however, we necessarily conclude that such instrument remains a lease agreement and the paramount title to the vehicle remains in the lessor. A contract must be construed by its purpose, effect, contents and import, and not necessarily by the terminology used. National Auto Service Corporation Vs. State, supra.

The second instrument does not purport to transfer title and is, therefore, a simple lease contract.

The first contract contains a provision that, in event of accident to the automobile in question and damage thereto, the extent of the lessee's liability for such damage will be $50.00. The second contract provides that the extent of the lessee's liability for similar damage will be $40.00. Both of such contracts provide further that the excess of the damage will be borne by the lessor. It is this feature of each of such contracts which gives rise to the question of whether or not the issuance of the contracts constitutes the carrying on of an insurance business.

We find no Texas authorities to cite herein. It was held in the case of Re Fire Certificate, 39 Pa. Co. Ct. 163, cited in 63 A.L.R. 732, that a fire certificate issued by a lessor of a chattel, by which the lessor agrees that, in case of injury to or destruction of the same by fire, he will restore the same to the condition in which it was before the fire, is not a contract of insurance where the same accompanies and is made a part of a contract of lease, within the meaning of a statute prohibiting any person, partnership, or association from issuing any policy or making a contract of indemnity against loss by fire, without authority expressly conferred by a charter of incorporation.

The facts in the above cited case differ from those in the instant case only in that in the cited case there was an agreement on the part of the lessor to assume fire loss; whereas, we here have an agreement by the lessor to assume a portion of the loss by accident.

We believe that the contracts submitted cannot be brought within the definitions of insurance herein presented and that the above case is controlling. We necessarily conclude that the agreements, made the basis of your request, are not such as to constitute the Lessor engaged in the insurance business.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

APPROVED FEB 6, 1940

ATTORNEY GENERAL OF TEXAS

LA:AW

APPROVED
OPINION
COMMITTEE
BY BWB